# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ANGELA TYNER,                       )
                                    )
        Plaintiff,         )
                                    )
v.                                  )    Case No. CIV-16-230-RAW-KEW
                                    )
NANCY A. BERRYHILL, Acting          )
Commissioner of Social              )
Security Administration,            )
                                    )
        Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Angela Tyner (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 21, 1966 and was 47 years old at the time of the ALJ's decision. Claimant completed education through the ninth grade. Claimant has worked in the past as a hotel housekeeper, shirt presser at a dry cleaners, and railroad crew van driver. Claimant alleges an inability to work beginning January 1, 2009 due to limitations resulting from back pain, left leg pain, and numbness in her arms.

**Procedural History**

On February 12, 2013, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and on February 26, 2013, she filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On September 23, 2014, Administrative Law Judge ("ALJ") Doug Gabbard, II conducted an administrative hearing in McAlester, Oklahoma. On December 8, 2014, the ALJ issued an unfavorable decision. On March 31, 2016, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform a limited range of light work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in failing to properly weigh the opinions of a consultative psychologist.

**Consideration of the Consultative Opinion**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, an affective disorder, a learning disorder, and an anxiety disorder. (Tr. 22). The ALJ concluded that Claimant retained the RFC to perform light work except that she was limited to semi-skilled work, which the ALJ defined as work which required understanding, remembering, and carrying out of some detailed skills, but does not require doing more complex work duties. Claimant also was excluded from work where interpersonal contact with supervisors and co-workers was on a superficial work basis. Claimant could attend and concentrate for extended periods with normal work breaks, but should not be required to work at fast-paced, production line speeds, and she should have only occasional contact with the general public. Claimant could perform occasional balancing, stooping, kneeling, crouching, and crawling. She could occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The ALJ required that Claimant be allowed to alternately sit and stand every 30 to 60 minutes throughout the workday for the purpose of changing positions but without leaving the workstation. (Tr. 25).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of electrical accessory assembler and conveyer line bakery worker, both of which were found to exist in sufficient numbers in both the regional and

national economies. (Tr. 30). As a result, the ALJ found Claimant was not disabled from January 1, 2009 through the date of the decision. Id.

Claimant contends that the ALJ failed to properly weigh the opinion of Dr. Stephanie Crall, a consultative psychologist. Dr. Crall conducted a consultative mental examination of Claimant on April 17, 2013. She found Claimant to be "alert, oriented, pleasant, and cooperative throughout the examination." Claimant described her current mood as "alright." (Tr. 323). Dr. Crall diagnosed Claimant with Major Depressive Disorder, Severe without Psychotic Features, Panic Disorder without Agoraphobia, Posttraumatic Stress Disorder, Chronic, Generalized Anxiety Disorder, alcohol abuse (by history), and cannabis abuse. Under Dr. Crall's "General Impressions," she concluded Claimant's

> ability to engage in work-related mental activities, such as sustaining attention, understanding, and remembering and to persist at such activities was likely adequate for simple and some complex tasks. In the opinion of this evaluator, the presence of multiple physical difficulties (including chronic pain), depression, anxiety, and lack of high school diploma/GED likely interfered with her ability to obtain and maintain competitive employment, however.

(Tr. 326).

The ALJ recognized Dr. Crall's findings but with regard to the last restriction found in Dr. Crall's impressions, the ALJ stated "Dr. Crall stated that her physical symptoms likely interfered with

her mental abilities." (Tr. 27). As noted above, Dr. Crall concluded her physical **and** mental limitations would likely cause Claimant problems in maintaining employment not simply that the physical problems affected her mental functioning. As Defendant argues, Dr. Crall's opinion constitutes a vocational statement typically reserved to the Commissioner. Even though this is an issue reserved to the Commissioner, the ALJ must still assess and consider the opinion. "[O]pinions from any medical source on issues reserved to the Commissioner must never be ignored." <u>Miller v. Barnhart</u>, 43 Fed.Appx. 200, 204 (10th Cir. 2002). Since the ALJ essentially misstated Dr. Crall's conclusion, he must accurately state and consider the physician's statement on Claimant's ability to engage in basic work activities before rejecting or assessing its effects upon the RFC analysis. On remand, the ALJ shall re-evaluate Dr. Crall's opinion and state and explain the weight provided to the opinion.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED**

7

for further proceedings.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of May, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE